## INTERNATIONAL BUILDING AND LOAN ASSOCIATION *v.* STARK, ADMINISTRATOR.

[No. 6,757. Filed November 4, 1909.]

JUDGMENT.—*Setting Aside.—Excusable Neglect.—Fraud.*—Where a complaint was filed to recover a payment made under mistake, and judgment was entered for defendant on plaintiff's failure to plead further, and the plaintiff subsequently filed its petition to set aside such judgment, alleging that it did not refuse to plead, and was not present when the judgment was rendered and knew nothing thereof until the filing of such petition, the court, on appeal, will consider the original complaint along with the petition to set aside such judgment, and will reverse the judgment refusing to set aside the judgment, the facts alleged in the petition constituting a fraud upon the court as well as relieving the plaintiff from fault.

From Vigo Circuit Court; *James E. Piety,* Judge.

Petition by the International Building and Loan Association against Roscoe Stark, as administrator *de bonis non* of the estate of Sarah Welch, deceased. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Alfred R. Hovey, Omer U. Newman, Albert A. Bristor, C. A. Royse* and *William N. Harding,* for appellant.

Roby, P. J.—Sarah Welch, at her death, was the owner of a stock certificate issued by the appellant association which was of the value of $320, less $175 previously paid to her. After her death her administrator, the appellee, undertook to withdraw from the association the value of said stock, and by mutual mistake the amount previously paid thereon was overlooked and the full amount—$320—was paid to said administrator, instead of $145, the amount to which he was entitled. Upon discovering the mistake, appellant filed its petition in the matter of said estate in the court having jurisdiction thereof, setting up in great detail the facts before summarized, and praying an order upon said administrator for the repayment of said $175. The administrator appeared and filed a plea in abatement, to which the court sustained a demurrer. He then demurred to the petition. His demurrer was filed October 8, 1906. On June 25, 1907, the demurrer was sustained and judgment rendered in terms as follows: "Come the parties by attorneys aforesaid, and the court now sustains the demurrer of the defendant, and the plaintiff intervenor herein failing and refusing to plead further, now renders judgment on the demurrer. It is therefore now by the court ordered, adjudged and decreed that the plaintiff intervenor herein take nothing by this action, and that the defendant, administrator of said estate, go hence without day and that he recover of said plaintiff his costs and charges laid out and expended in this behalf taxed at $——."

The appellant subsequently filed its verified motion to set aside the entry of said judgment. Such motion shows the

facts before stated, and that such judgment was entered without appellants' knowledge; that, in fact, it was not present in court by attorney or otherwise; that no exception was entered to the ruling; that it did not refuse to plead further, and did not discover such entry until the September term of court following. It sets up the steps taken by its attorneys to press said matter to a conclusion. The facts thus set up relieve it from any imputation of negligence or laches. The prayer is that the judgment thus inadvertently entered be set aside, and that further proceedings be allowed. This motion was overruled on November 25, 1907, and the question is duly presented as to whether the court abused its discretion in said ruling.

The appellant's complaint shows that the appellee ought, as a matter of natural equity and justice, to refund the money received by him through mistake, money which, in good conscience, he ought not to hold. The sustaining of a demurrer for want of facts to this pleading is a circumstance which cannot be ignored in the consideration of the subsequent proceedings. The verified motion, as heretofore stated, relieves appellant from any imputation of fault in the premises. If the facts stated are true, and they must be so taken, the court should have set the judgment aside upon its own motion, as a fraud upon it.

The judgment is reversed and the cause remanded, with instructions that appellant be given leave to file an amended complaint, and for further proceedings.